IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John R. Demos, #287455,<br>a/k/a John Robert Demos, Jr.,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>The U.S. Secretary of Defense; C.I.A. Director; President, Barack H. Obama; The U.S. Attorney General; Chief of the C.I.A.; The Governor of the State of Washington; David Petraus; Eric Holder; Hillary Clinton; Leon Panetta,<br><br>　　　　　　　　　Defendants. | C/A No. 2:13-1-TMC-BHH<br><br><br><br>Report and Recommendation |

　　　　The plaintiff, John Robert Demos, Jr. ("Plaintiff"), is currently incarcerated at the Clallam Bay Correctional Center in Clallam Bay, Washington. He files this *pro se* complaint against federal and Washington state officials pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. However, Plaintiff's request to proceed *in forma pauperis* should be denied, and Plaintiff's complaint should be summarily dismissed without prejudice if he fails to timely pay the filing fee. Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act ("PLRA"), and he does not allege that he is under imminent danger of serious physical injury.

Discussion

　　　　The PLRA's "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

> occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee. However, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

The Fourth Circuit has set forth the standard for determining which cases are subject to the "three-strikes" rule. Pursuant to *McLean v. United States,* 566 F.3d 391 (4th Cir. 2009), "a dismissal without prejudice for failure to state a claim does not fall within the plain and unambiguous meaning of § 1915(g)'s unqualified phrase "dismissed . . . [for] fail[ure] to state a claim." As a result, a dismissal without prejudice for failure to state a claim does not count as a strike." *McLean*, 566 F.3d at 397. The Fourth Circuit noted in *McLean*, however, that "nothing in our analysis of dismissals for failure to state a claim suggests that dismissals for frivolousness should be exempted from § 1915(g)'s strike designation, even when the dismissal is rendered without prejudice." *McLean*, 566 F.3d at 399. The Fourth Circuit, citing *Neitzke v. Williams*, 490 U.S. 319 (1989), also stated in *McLean* that "*Neitzke* makes clear that a dismissal for frivolousness is of a qualitatively different character than a dismissal for failure to state a claim. As a result, our holding today should not be read to

2

indicate that a dismissal for frivolousness that is rendered without prejudice should avoid a strike designation." *McLean*, 566 F.3d at 400. Thus, in this Circuit, under *McLean*, a "strike" may be "thrown" after review of the case if it is frivolous, or if it fails to state a claim upon which relief may be granted. The latter finding must be with prejudice.

Subsequent to *McLean*, the Fourth Circuit repeatedly reiterated that a dismissal for failure to state a claim, without prejudice, does not count as a "strike" under the PLRA. *See e.g. Williams v. Simmons*, 471 F. App'x 205, 2012 WL 1425282 (4th Cir. 2012) (William's third case was dismissed, without prejudice, for failure to state a claim; Pursuant to *McLean*, third case does not count as a qualifying strike for purposes of the PLRA.); *Williams v. Circuit Court for City of Suffolk*, 468 F. App'x 206, 2012 WL 688218 (4th Cir. 2012) (dismissal of an action without prejudice for failure to state a claim does not count as a "strike" under the PLRA (citing *McLean*, 566 F.3d 391); *McFadden v. McKie*, 464 F. App'x 155, 2012 WL 375856, (4th Cir. 2012) (dismissal for failure to state a claim must be with prejudice to count as a strike under the PLRA) (citing *McLean*, 566 F.3d 391).

In *Tolbert v. Stevenson*, 635 F.3d 646 (2011), the Fourth Circuit also clarified its position that "consistent with the majority of circuits to consider the issue, . . . the plain language of § 1915(g) applies only to actions dismissed *entirely* as frivolous, malicious, or for failing to state a claim," *Tolbert*, 635 F.3d at 647 (emphasis in original), and that a district court order should show that the statutory criteria for a strike have been met and that the entire case is subject to the criteria. *See Lester v. Ratigan*, 487 F. App'x 125, 2012 WL 5417897 (4th Cir. 2012) (affirming strike in a case that was summarily dismissed, without prejudice, as frivolous); *Everett v. Whaley*, No. 12-7883, 2013 WL 142049 (4th Cir. Jan. 14, 2013) (district court's determination that Everett had three qualifying strikes under

the PLRA improper because court's ruling did not turn on a explicit determination that two of Plaintiff's prior cases, in their entirety, failed to state a claim, or were otherwise frivolous or malicious, under the PLRA).

Recently, in *Blakely v. Wards*, 701 F.3d 995 (4th Cir. Dec. 14, 2012), the Fourth Circuit considered the question of whether an action dismissed as frivolous, malicious, or failing to state a claim at summary judgment could constitute a strike under the PLRA's three strike limitation on *in forma pauperis* proceedings. The Fourth Circuit answered in the affirmative, finding that "if a summary judgment order states on its face that the district court considered the statutory criteria for a strike to have been met, then the summary judgment dismissal should count as a strike." *Blakely*, 701 F.3d at 1001. Specifically, the Fourth Circuit held that "the fact that an action was dismissed as frivolous, malicious, or failing to state a claim, and not the case's procedural posture at dismissal, determines whether the dismissal constitutes a strike under Section 1915(g)." *Blakely*, 701 F.3d at 996.

Utilizing this framework, the undersigned has reviewed Plaintiff's Complaint. Plaintiff has no apparent connection with the State of South Carolina; however, this is the seventh pleading he has filed in this district. In *Demos vs. The Governor of the State of Washington, et. al.*, C/A No. 8:03-3882-HMH (D.S.C.), the Court noted that Plaintiff was "struck out" pursuant to 28 U.S.C. § 1915(g).[1] In that matter, the undersigned noted that, since 1991, Plaintiff had filed over 450 lawsuits in various federal courts, and recommended

---

[1] This Court may take judicial notice of its own records. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

4

that the action be dismissed with prejudice and that Plaintiff's filings in this Court be subject to a prefiling injunction. United States District Judge Henry M. Herlong, Jr. adopted and incorporated the undersigned's Report and Recommendation in his Order, entered on January 21, 2004, dismissing the action with prejudice and subjecting Plaintiff to a prefiling injunction in any federal court litigation in the District of South Carolina, *See* Order*, Demos vs. The Governor of the State of Washington, et. al.*, C/A No. 8:03-3882-HMH (D.S.C. 2004) ECF No. 5. Subsequently, three additional civil lawsuits filed in this Court by Plaintiff were summarily dismissed, in C/A Nos. 08-1994 (dismissed without prejudice), 09-3160 (dismissed with prejudice; Fourth Circuit denied Plaintiff leave to appeal without prepayment of the appellate filing), and 10-892 (dismissed without prejudice; Fourth Circuit denied Plaintiff a certificate of appealability and dismissed his appeal).

In the instant case, Plaintiff complains that he was tried in a military court without due process. Complaint, ECF No. 1, p. 3. In terms of relief, Plaintiff seeks a new trial and money damages. Complaint, ECF No. 1, p. 4. Construing the case liberally, Plaintiff is seeking money damages for due process violations and habeas relief. However, we do not reach the merits of this case, because Plaintiff is subject to the three-strikes provision of 28 U.S.C. § 1915(g).

It is not necessary to address the merits of Plaintiff's present Complaint, because he has "struck out" under the PLRA's "three strikes" rule. It appears from the public records of the United States District Courts in forty-eight (48) states, the District of Columbia, Puerto Rico and the United States Federal Claims Court that, since 1991, Plaintiff has filed

over four hundred fifty (450) lawsuits.[2]  On August 26, 1991, in *Demos v. McNichols, et al.*, C/A No. CS-91-027-JBH (E.D. Wash.), the United States District Court for the Eastern District of Washington found Plaintiff in contempt of court and, based on Plaintiff's repeated abusive, malicious, frivolous filings in both the Eastern and Western Districts of Washington, the United States Ninth Circuit Court of Appeals, and the United States Supreme Court, ordered that "Plaintiff is prohibited from initiating any civil actions in the U.S. District Court for the Eastern District of Washington."  Order, *Demos v. McNichols, et al.*, C/A No. CS-91-027-JBH (E.D. Wash.) ECF No. 11.  Plaintiff remains subject to the contempt order in the Eastern District of Washington, and to prefiling injunctions in the Western District of Washington, the District of Columbia, and the Ninth Circuit.  *See Demos v. United States of America, et al.*, C/A No. 2:10-313-JLQ (E.D. Wash.); *Demos v. Greenspan*, C/A No. 1:96-1826-UNA (D.D.C.);  *In re: John Robert Demos, Jr.*, No. 92-80350 (9th Cir.).

On August 5, 1996, less than five months after the effective date of the PLRA, Plaintiff filed five actions in the United States District Court for the District of Columbia.  All five actions were dismissed as frivolous on that same day.  *See Demos v. Greenspan,* C/A No. 1:96-cv-01826 (D.D.C. 1996); *Demos v. Director, Mint Office,* C/A No. 1:96-cv-01825 (D.D.C. 1996); *Demos v. Director, Patent Office,* C/A No. 1:96-cv-01824 (D.D.C. 1996); *Demos v. Director, Census Bureau*, C/A No. 1:96-cv-01823 (D.D.C. 1996); *Demos v.*

---

[2] The undersigned takes judicial notice of Plaintiff's prior proceedings both within and outside of the federal judicial system, as these proceedings have a direct relation to matters at issue.  *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

*Internal Revenue Service,* C/A No. 1:96-cv-01822 (D.D.C. 1996).  The District of Columbia used these five cases to establish that Plaintiff was "struck out."  All five of these cases were dismissed by a district judge for, among other reasons, frivolousness.  The dismissal orders do not specify whether the dismissals were with or without prejudice.

In light of *Blakely*, *McLean* and its progeny, Plaintiff has "struck out" in the United States District Court for the District of South Carolina and the Fourth Circuit, as well.  Therefore, he cannot maintain the present action in this Court *in forma pauperis*.  Plaintiff does not allege that he is "under imminent danger of serious physical injury," the sole exception to the "three strikes" rule.  *See* 28 U.S.C. § 1915(g); *McLean,* 566 F.3rd at 395. *See also Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998).

To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee.  However, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing.  *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).  Therefore, to proceed with this Complaint, Plaintiff must pay the full $350 filing fee and the additional $50.00 administrative fee set by the Judicial Conference.  If Plaintiff timely pays the full filing fee, his Complaint will then be subject to review by the undersigned to determine if service of process should be authorized.

## Recommendation

It is recommended that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be **denied**.  By an accompanying order, Plaintiff is given twenty-one (21) days to pay the $350 filing fee and the $50 administrative fee, so that this matter can be returned to the

undersigned United States Magistrate Judge to conduct a review of the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to timely pay the full filing fee and administrative fee, or to seek an extension of time to do so, it is further recommended that, by additional order of this Court, the Complaint be dismissed *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the Notice on the next page.

                                            s/Bruce Howe Hendricks
                                            United States Magistrate Judge

May 16, 2013
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).